UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COOPERSTOWN PROPERTIES, LLC and COOPERSTOWN DREAMS PARK, INC, <br><br> Plaintiffs, <br><br> v. <br><br> ANDRE J. TORRES, d/b/a ALL-TIMER SOLUTIONS, LLC, JOHN DOES 1-10 and ABC COS. 1-10, <br><br> Defendants. | **COMPLAINT** <br> Case No.: 6:25-CV-0440 (AJB/TWD) <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Cooperstown Properties, LLC and Cooperstown Dreams Park, Inc., (collectively, "Plaintiffs"), for their Complaint against Defendant Andre J. Torres ("Torres") and other unidentified defendants whose identities are presently unknown, but that Plaintiffs anticipate will be added as defendants in this proceeding, allege as follows:

### INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

1. Plaintiffs are the owners of the COOPERSTOWN DREAMS PARK and DREAMS PARK trademarks for youth baseball camp services. Youth baseball players, families, coaches, umpires, and enthusiasts from around the country have come to recognize and rely on the world-class training and competitive camp Plaintiffs offer under these marks, which symbolize the enormous goodwill and positive reputation Plaintiffs have achieved over the decades in which these trademarks have been in use.

2. Defendant Torres has exploited Plaintiffs' marks to boost a youth baseball website and related services in a manner that has misled the public into believing his services were authorized by or affiliated or associated with Plaintiffs, when that was not the case. Upon information and belief, Torres' unauthorized exploitation of Plaintiffs' trademarks has been

undertaken in concert with third parties whose identities are at present unknown to Plaintiffs, but who Plaintiffs will seek to add as defendants herein upon discovery of their identities.

## JURISDICTION AND VENUE

3. This action arises under the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §1051, et seq., and related claims arising under New York state law.

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1119 and 1121 with respect to the Lanham Act claims. Further, this Court has jurisdiction over the subject matter of this action and any related state law claims under 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over Defendant Torres and those working in concert with him, as they have purposely directed substantial commercial activities in this State and, on information and belief, derived revenue from continuous, and systematic business activities, including in interstate commerce, purposely directed to this State and District. On information and belief, Torres and those acting in concert with him used the website BaseballConnections.com, which is the subject of this Complaint, to offer services to consumers in New York, and those planning trips to Plaintiffs' youth baseball camp facility in New York. These services have been accompanied by prominent uses of Plaintiffs' trademarks, causing a likelihood of confusion among consumers in this State and those consumers planning activities in this State, as to Torres' authorization, affiliation with or sponsorship by Plaintiffs. By virtue of these actions, Torres and those acting in concert with him have purposefully availed themselves of the privilege of conducting business in this State and in this District and are subject to jurisdiction in this Court, including under New York CPLR 301 and 302.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this

District, and because Torres and those acting in concert with him are subject to the Court's personal jurisdiction in this District.

## PARTIES

7. Plaintiff Cooperstown Properties LLC ("Cooperstown Properties") is a North Carolina limited liability company. Cooperstown Properties is licensed and registered to do business in New York and is the federal registrant of the trademarks COOPERSTOWN DREAMS PARK, DREAMS PARK, and related designs and logos described below.

8. Plaintiff Cooperstown Dreams Park, Inc. ("Dreams Park, Inc.") is a North Carolina corporation licensed and registered to do business in New York that operates the Cooperstown Dreams Park youth baseball facilities in Cooperstown, New York. With Cooperstown Properties, Dreams Park, Inc. has been providing world-class youth baseball camp services for nearly 30 years.

9. On information and belief, Defendant Andre J. Torres is a resident of the State of Florida, with an address at 906 Timber Isle Drive, Orlando, Florida. On information and belief, Torres operated the website BaseballConnections.com, which devoted an entire section of its contents to Cooperstown baseball, intertwining its services with those offered by Plaintiffs.

10. On information and belief, Torres was at one time the sole member of All-Timer Solutions, LLC, which was a Georgia limited liability company before being administratively dissolved in or about 2017. On information and belief, at all relevant times to this Complaint, Torres conducted business under the alias All-Timer Solutions, LLC as a d/b/a.

11. Defendants John Does 1-10 and ABC Companies 1-10 (collectively, with Torres, referred to as "Defendants") are fictitious names of currently unknown individuals or entities that were also involved with the violations described in this Complaint who have not yet been

3

identified.  Plaintiffs intend to add such individuals and entities as defendants herein upon the discovery of their identities.

### FACTS IN SUPPORT OF PLAINTIFFS' CLAIMS

12. For more than a quarter of a century, Plaintiffs have been operating a youth baseball camp in New York State.

13. During this time, Plaintiffs have hosted thousands of baseball teams, involving hundreds of thousands of players, families and relatives, coaches and umpires, including teams from New York and across the United States.

14. These baseball enthusiasts have enjoyed the sport of baseball and Plaintiffs' camp in the world-class Cooperstown Dreams Park youth baseball facility located in Cooperstown, New York ("Dreams Park").

15. Dreams Park goods and services are advertised and promoted to youth sports teams, their families, coaches, umpires and enthusiasts throughout the country, including on Plaintiffs' websites at www.cooperstowndreamspark.com and https://www.cdpshop.com/.

16. Plaintiffs' websites offer goods and provide information to the public on the Dreams Park generally, tournaments, registration, logistics and planning.  There are also dozens of pages highlighting American Youth Baseball Hall of Fame ("AYBHOF") teams that participate in national invitational tournaments, and resources for coaches planning to register their teams.  Plaintiffs' "Coaches Corner" includes Dreams Park itineraries, maps, tournament rules, registration information, competition rules, and information on trading team lapel pins. *See* https://www.cooperstowndreamspark.com/coach.

Plaintiffs also maintain dedicated whole webpages to the Dreams Park umpire program, describing the benefits provided to umpires and the requirements for calling Dreams Park games (https://www.cooperstowndreamspark.com/umpire), as well as registration forms

(https://www.cooperstowndreamspark.com/media/n4nbzrqe/2025_umpire_participation_form_09102024_v2.pdf)

17. Cooperstown Properties is the owner of a federal registration in the United States Patent and Trademark Office for the mark COOPERSTOWN DREAMS PARK, U.S. Reg. No. 2,996,945; two federal registrations for the mark and its principal design logo, U.S. Reg. Nos. 2,904,777 and 2,265,952; and a federal registration for DREAMS PARK, U.S. Reg. 4,193,608 (collectively, the "Registered COOPERSTOWN Marks").  True and correct copies of the Registered COOPERSTOWN Marks are attached as **Exhibit A**.  All of the foregoing registrations are valid, subsisting and incontestable under 15 U.S.C. § 1064.

18. The COOPERSTOWN DREAMS PARK logo is depicted below:



19. In addition to the federally registered marks described above, Plaintiffs own common law rights in COOPERSTOWN DREAMS PARK, DREAMS PARK and related marks through decades of advertising, investment and rendering of goods and services to the youth baseball community.  These extensive common law rights, together with the Registered COOPERSTOWN Marks are referred to as the Plaintiffs' COOPERSTOWN Marks.  The COOPERSTOWN Marks are inherently distinctive and have also acquired distinctiveness through decades of use and sustained recognition among consumers.  The COOPERSTOWN

Marks symbolize goodwill among consumers and Plaintiffs' positive reputation, making them core assets of Plaintiffs' business.

20. Plaintiffs became aware of Defendants' website at <baseballconnections.com> ("Baseball Connections"), that prominently used Plaintiffs' COOPERSTOWN Marks in a manner that would cause confusion among consumers interested in youth baseball camps in New York and Cooperstown in particular.

21. The Baseball Connections website exploited and benefited from Plaintiffs' hard work, reputation and goodwill generated from Plaintiffs' nationally recognized youth baseball programs in ways highly likely to have confused and deceived the public as to the authorization, affiliation or other connection between Baseball Connections and Plaintiffs.

22. For instance, the Baseball Connections website provided information to the public relating to Plaintiffs' Dreams Park tournaments, registration, logistics and planning, with extensive references to DREAMS PARK and depictions of the COOPERSTOWN DREAMS PARK logo. Accompanying these references and logos were pictures from the Dreams Park, and expressions like "The Cooperstown Dreams Park Experience" and "Dreams Park Roll Call."

23. An example of the Baseball Connections website's use of Plaintiffs' COOPERSTOWN Marks is depicted below:



24. On information and belief, the repeated references to and uses of Plaintiffs' COOPERSTOWN Marks were made with the deliberate intention that members of the public searching for information and services related to the Dreams Park in New York, including travel, logistics, and registration for tournaments in this State, would believe that Baseball Connections was affiliated with or authorized or sponsored by Plaintiffs. To add to the confusion, Baseball Connections also offered services to umpires and coaches for Dreams Park participation, creating the false and misleading impression that Plaintiffs and the Dreams Park were affiliated, or in partnership with, or sponsored by Baseball Connections, or that Baseball Connections acted as a licensee or authorized provider of services on Plaintiffs' behalf

25. An example of the Baseball Connections website offering umpire services in connection with Plaintiffs' COOPERSTOWN Marks is shown below:

7



26.     As the example above shows, Defendants' Baseball Connections site also prominently displayed the COOPERSTOWN DREAMS PARK logo in close proximity to the logo of an unrelated and competing baseball facility called Cooperstown All-Star Village. Defendants' repeated uses of these two logos in close proximity and for identical goods and services on the Baseball Connections website, together with other uses conflating Plaintiffs and Cooperstown All-Star Village that are shown immediately below and in **Exhibit B**, was further likely to confuse the public as to an affiliation or connection between Plaintiffs and Cooperstown All-Star Village.





27. The confusion caused by Defendants' conduct through the Baseball Connections website as described above was exacerbated by the use of metadata in the Baseball Connection website. This metadata was designed to incorporate Plaintiffs' trademarks for the purpose of directing web traffic to Defendants' Baseball Connections website as a purported authorized provider of information and services for the Dreams Park. For example, Defendants used metadata tags that repeatedly referenced "Cooperstown" with "Dreams Park" in order to steer consumers searching for Dreams Park information to their Baseball Connections website instead of Plaintiffs' website.

9

28. An example of Defendants' metadata manipulation to divert traffic to Baseball Connections is shown below:

[screenshot of HTML source code with "Dreams Park" highlighted in yellow]

29. Defendants' calculated behavior showed their willful intent to trade off the goodwill and reputation of Plaintiffs, and sow confusion among consumers, coaches and umpires intending to search for information about Dreams Park or Plaintiffs' youth baseball camp.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Federal Trademark Infringement of a Registered Trademark
(Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))
Plaintiff Cooperstown Properties against Defendants**

30. Plaintiffs restate and incorporate by reference each and every allegation set forth above as if fully set forth herein.

10

31. Plaintiff Cooperstown Properties is the sole owner of the Registered COOPERSTOWN Marks, as described above. The registrations are valid, subsisting, and incontestable.

32. Defendants' willful and intentional use of the Registered COOPERSTOWN Marks, "Dreams Park", and other marks similar thereto in commerce has been likely to cause confusion, or to cause mistake or to deceive, and it constitutes trademark infringement of the Registered COOPERSTOWN Marks under the Lanham Act § 32(1), 15 U.S.C. § 1114(1).

33. Defendants' actions as described herein, caused confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants and their Baseball Connections website with Plaintiff Cooperstown Properties, as to the true source of Defendants' products and services, and as to the sponsorship or approval of Defendants or Defendants' products or services by Cooperstown Properties.

34. Defendants are not affiliated or associated with Cooperstown Properties or its products or services, and Cooperstown Properties has never approved nor sponsored Defendants, Defendants' products or services, or the marketing in U.S. commerce of Defendants' products or services.

35. Defendants' infringement of the Registered COOPERSTOWN Marks was deliberate, willful, and without extenuating circumstances, and constituted a knowing use of Cooperstown Properties' trademarks. Defendants' infringement is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

36. As a proximate result of Defendants' actions, Plaintiffs have suffered significant damage to their business, goodwill, reputation, profits and the strength of Plaintiffs'

COOPERSTOWN Marks. The injuries to Plaintiffs are irreparable and not fully compensable by an award of monetary damages.

37. Plaintiffs are entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, corrective advertising, disgorgement of profits, and pre- and post-judgment interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**Use of False Designations of Origin**
**(Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**
**Plaintiffs Cooperstown Properties and Dreams Park Inc. Against Defendants**

38. Plaintiffs restate and incorporate by reference each and every allegation set forth above as if fully set forth herein.

39. Defendants' actions, as described above, have caused confusion, mistake and deception as to the source, affiliation, connection, sponsorship or endorsement of Defendants' services.

40. As a result of Defendants' improper and unauthorized actions, members of the consuming public and baseball players and fans and/or umpires and coaches have formed the incorrect belief that Defendants are or have been affiliated with or endorsed by Plaintiffs or that Plaintiffs are the source or sponsor of Defendants' services.

41. Defendants' actions constitute unfair competition in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

42. Defendants' acts of unfair competition were committed with full knowledge and in conscious disregard of the rights of Plaintiffs and were willful, intentional and deliberate, undertaken in bad faith and with the intent to trade on the goodwill of Plaintiffs'

COOPERSTOWN Marks, making this an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

43. As a proximate result of Defendants' actions, Plaintiffs have suffered significant damage to their business, goodwill, reputation, profits and the strength of Plaintiffs' COOPERSTOWN Marks. The injuries to Plaintiffs are irreparable and not fully compensable by an award of monetary damages.

44. Plaintiffs are entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, corrective advertising, disgorgement of profits, and pre- and post-judgment interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**

**Federal Unfair Competition**
**(15 U.S.C. § 1125(a))**
**Plaintiffs Cooperstown Properties and Dreams Park Inc. Against Defendants**

45. Plaintiffs restate and incorporate by reference each and every allegation set forth above as if fully set forth herein.

46. Plaintiffs own common law rights in Plaintiffs' COOPERSTOWN Marks and Cooperstown Properties is the registrant of the Registered COOPERSTOWN Marks.

47. Defendants' willful and intentional use of Plaintiffs' COOPERSTOWN Marks, "Dreams Park", and other marks similar thereto in commerce has caused confusion, mistake and/or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' products or services by Plaintiffs.

48. Defendants' actions violate Lanham Act § 43(a), 15 U.S.C. § 1125(a).

49. Defendants' acts of unfair competition were committed with full knowledge and in conscious disregard of the rights of Plaintiffs and were willful, intentional and deliberate,

undertaken in bad faith and with the intent to trade on the goodwill of Plaintiffs' COOPERSTOWN Marks, making this an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

50. As a proximate result of Defendants' actions, Plaintiffs have suffered significant damage to their business, goodwill, reputation, profits and the strength of Plaintiffs' COOPERSTOWN Marks.  The injuries to Plaintiffs are irreparable and not fully compensable by an award of monetary damages.

51. Plaintiffs are entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, corrective advertising, disgorgement of profits, and pre- and post-judgment interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

**Common Law Trademark Infringement, Unfair Competition, and Passing Off**
**(New York State Law)**
**Plaintiffs Cooperstown Properties and Dreams Park Inc. Against Defendants**

52. Plaintiffs restate and incorporate by reference each and every allegation set forth above as if fully set forth herein.

53. Plaintiffs own valid common law rights in Plaintiffs' COOPERSTOWN Marks.

54. There is a likelihood of confusion between Plaintiffs' COOPERSTOWN Marks and Defendants' use of "Dreams Park", and other marks similar thereto.

55. Plaintiffs have suffered suffer harm from Defendants' knowing and intentional use of these trademarks in such a manner as is likely to confuse and deceive the public into the mistaken belief that Defendants' goods and business are those of Plaintiffs.

56. As a proximate result of Defendants' actions, Plaintiffs have suffered significant damage to their business, goodwill, reputation, profits and the strength of Plaintiffs'

COOPERSTOWN Marks. The injuries to Plaintiffs are irreparable and not fully compensable by an award of monetary damages.

57. Plaintiffs are entitled to a permanent injunction against Defendants, as well as other remedies available at common law, including, but not limited to, compensatory damages, disgorgement of profits, and pre- and post- judgment interest, punitive damages, and attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
**Dilution**
**New York General Business Law § 360-1**
**Plaintiffs Cooperstown Properties and Dreams Park Inc. Against Defendants**

58. Plaintiffs restate and incorporate by reference each and every allegation set forth above as if fully set forth herein.

59. The COOPERSTOWN Marks are distinctive within the State of New York.

60. Defendant's conduct with respect to the ULTRA trademark has diluted the value of such Marks in violation of New York General Business Law § 360-l.

61. Defendants' actions have caused irreparable harm to Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants and provide the following relief:

1. An order prohibiting and permanently enjoining Defendants, any officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, from:

    a. using the Plaintiffs' COOPERSTOWN Marks, any marks confusingly similar thereto, or any colorable imitation thereof, including COOPERSTOWN DREAMS PARK and DREAMS PARK, whether as a standalone or as part of

       another designation, including but not limited to the designations "Dreams Park" and other marks similar thereto, whether alone or in combination with other words or designs, as trademarks, service marks, trade name components, or otherwise, or as metatags or keywords, in a manner likely to cause confusion as to the source, sponsorship, authorization and/or affiliation of Defendants' goods or services; and

    b. using terms, logos, or references related to Plaintiffs' COOPERSTOWN Marks in any manner likely to cause confusion as to the source, sponsorship, authorization and/or affiliation of Defendants' goods or services.

2. Requiring Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, to deliver up for destruction all products, packaging, marketing materials, or other materials in their possession or control that bear names or marks that infringe Plaintiffs' COOPERSTOWN Marks;

3. Requiring Defendants to pay over to Plaintiffs all damages sustained by Plaintiffs, trebled as provided by law, and all profits earned by Defendants from their violative conduct;

4. Awarding Plaintiffs damages in the form of corrective advertising;

5. Increasing the amount of damages and/or profits awarded Plaintiffs as appropriate pursuant to 15 U.S.C. § 1117(a);

6. Awarding Plaintiffs reasonable attorneys' fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a), and other applicable law;

7. Awarding statutory damages where applicable;

8. Awarding pre-judgment and post-judgment interest

9. Awarding punitive damages on Plaintiffs' fourth claim for relief;

10. Granting such other and further relief as the Court deems appropriate and just under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims or defenses so triable.

Dated:   New York, New York
         April 8, 2025

                                        DORSEY & WHITNEY LLP


                                        By: */s/ Bruce R. Ewing*
                                            Bruce R. Ewing
                                            51 West 52nd Street
                                            New York, New York 10019
                                            (212) 415-9200
                                            ewing.bruce@dorsey.com

                                        *Attorneys for Plaintiffs Cooperstown Properties, LLC and Cooperstown Dreams Park, Inc.*